## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

RONALD MEEKER and                                                    PLAINTIFFS
RUSSELL MOORE

v.                              Case No. 4:08CV004219 JLH

JUDY BURNS; STEPHEN ELLIS;
NATHAN ELLIS; CHARLES ELLIS;
JOHN DOES 1–10; and ABC, INC. 1–10                                   DEFENDANTS

### OPINION AND ORDER

Ronald Meeker filed a complaint on December 12, 2008, against Judy Burns, Stephen Ellis,

Nathan Ellis, Charles Ellis, John Does 1–10, and ABC, Inc. 1–10, alleging breach of contract.  This

Court's jurisdiction was invoked pursuant to 28 U.S.C. § 1332.  On May 26, 2009, the Court granted

Meeker's motion to file an amended complaint without objection from the defendants, and Meeker

filed his first amended complaint on June 1, 2009, adding Russell Moore as an additional plaintiff.

Defendants Burns and Stephen Ellis have moved to dismiss the first amended complaint.  The

plaintiffs have moved for additional time to serve defendant Nathan Ellis, having been previously

granted additional time to serve the remaining defendants.[1]  On July 14, 2009, Meeker filed a second

motion to amend his complaint.  In response, Burns and Stephen Ellis filed a motion to dismiss the

plaintiffs' second motion to amend, which the Court will treat as an objection to the plaintiffs'

second motion to amend.  For the following reasons, Burns and Stephen Ellis's motion to dismiss

the first amended complaint is granted; the motion for additional time to serve Nathan Ellis is denied

---

[1] Charles Ellis has never entered an appearance.  The plaintiffs have not filed proof of
service as to him, though they alleged in a motion filed on April 16, 2009, that he had been
served.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court gives notice to
the plaintiffs that Charles Ellis will be dismissed unless within 10 days of entry of this order the
plaintiffs show good cause for their failure to serve him.

as moot; the second motion to amend is denied; and the motion to dismiss the second motion to amend is granted.

## I.

A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999) (quoting FED. R. CIV. P. 8(a)). In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555, 127 S. Ct. at 1965; *see also Schaaf*, 517 F.3d at 549.

## II.

**A.  MOTION TO DISMISS THE AMENDED COMPLAINT**

The first amended complaint states that this is a breach of contract action seeking in excess of $75,000 in damages. Attached to the amended complaint is a written contract between Moore and Nathan Ellis, in which Moore agreed to advance an amount not to exceed $50,000 to Ellis to facilitate Ellis's "treasure hunting" on Mondo Hill, Davao City, Philippines. In exchange for the

advance, Moore was to receive eight percent of whatever treasure Ellis found, after the mandatory initial thirty percent had been distributed to the Philippine government.  The contract also provides that Ellis would immediately notify Moore of any discovered treasure found; that Moore would participate in the inventory of the treasure; that Moore had the right to review Ellis's books and records at any time to determine the use of the advanced funds; that Ellis would act in compliance with Philippine laws; and that Moore would not be liable for Ellis's actions.

Although Meeker is not mentioned in the contract between Moore and Nathan Ellis, the amended complaint alleges that Meeker "has obtained a portion of Mr. Moore's contractual rights under the agreement with Nathan Ellis," without mentioning an additional agreement or stating the nature of Meeker and Moore's agreement.  The amended complaint alleges that Nathan Ellis has breached his contract with Moore by not remaining accessible for communication regarding the venture's progress, and that Ellis "is also believed to have converted some of the funds from Mr. Moore to purely personal use wholly unrelated to his agreement with Plaintiffs."  The amended complaint also alleges that Nathan Ellis has refused to provide information regarding the project's status or its date of completion for over a year.

The amended complaint then alleges that Stephen Ellis, Nathan Ellis's step-father, has stated that he intends to enlarge Burns's interest in the venture; that he plans to exclude Moore from obtaining his interest; and that he believes the treasure hunting venture to be "essentially an Ellis family project."

The amended complaint states that Burns had also advanced funds for Nathan Ellis's treasure hunting and alleges that she wants to enlarge her share to the plaintiffs' detriment.  The amended complaint alleges that "Burns . . . ordered work on the project halted" and "is believed to be seeking to conceal the actual value of the venture . . . to defeat [plaintiffs'] rights under the . . . contract."

Although it states that Burns "actively worked to obstruct communication between Mr. Moore and Nathan Ellis," the amended complaint does not elaborate on how Burns obstructed communication or the nature of Moore's efforts to communicate with Ellis.  Finally, the amended complaint makes a blanket allegation that the defendants are concealing the quantity and value of the items pertinent to the contract and are seeking to change the form of some or all of the items to cash without the plaintiffs' knowledge to evade or frustrate the plaintiffs' rights.

The amended complaint never alleges that the plaintiffs have a contract with Burns and Stephen Ellis, so it appears that the plaintiffs are attempting to state a claim for interference with contractual relations or business expectancy, despite the allegation that this is a breach of contract action.  "The elements of the tort of interference are: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted."  *Mid-South Beverages, Inc. v. Forrest City Grocery Co., Inc.*, 300 Ark. 204, 205, 778 S.W.2d 218, 219 (1989).  The amended complaint fails to allege that Burns and Stephen Ellis have induced or caused a breach of the contract that has damaged the plaintiffs.  The amended complaint alleges that Nathan Ellis "is believed to have converted some of the funds from Mr. Moore to purely personal use wholly unrelated to" the contract, but it does not allege that Burns or Stephen Ellis induced or caused this breach.  Reading the amended complaint liberally, one provision in the contract that allegedly has been breached at the instance of Burns and  Stephen Ellis is the provision stating, "Moore maintains the right to review the books and records of ELLIS to determine for what purpose the funds he has advanced to ELLIS has [sic] been used."  The prayer for relief seeks only compensatory damages, but there is no allegation that the plaintiffs have suffered monetary damage

as a result of their inability to review the books and records of the venture.  As to Burns and Stephen Ellis, the allegations otherwise indicate only that the plaintiffs are suspicious that Burns and Stephen Ellis are engaging in conduct that might diminish or defeat the plaintiffs' participation in the proceeds if and when Nathan Ellis finds treasure in the Philippines.  There is no allegation that Nathan Ellis has found any treasure.  Speculation that Burns and Stephen Ellis might induce Nathan Ellis to breach the contract in the future, if and when he finds treasure, is insufficient to state a present claim for relief.  *Cf. Steinbuch v. Cutler*, 518 F.3d 580, 591 (8th Cir. 2008).

Although Meeker and Moore need not provide detailed factual allegations, the allegations must "raise the right to relief above a speculative level."  *Schaaf*, 517 F.3d at 549.  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 (quoting 5 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).  The amended complaint fails to meet this standard.  The motion to dismiss by Burns and Stephen Ellis is thus granted.

**B.      MOTION TO FILE A SECOND AMENDED COMPLAINT**

Meeker and Moore have also filed a second motion to amend their complaint.  Burns and Stephen Ellis have filed a motion to dismiss the plaintiffs' second motion to amend the complaint, which the Court will treat as an objection to the plaintiffs' motion to amend.

The proffered second amended complaint is substantially similar to the plaintiffs' first amended complaint.  The second amended complaint adds that Stephen Ellis allegedly received money from Moore for the treasure hunting venture, forwarded to Nathan Ellis only part of that money, and misrepresented to Nathan Ellis that the amount forwarded was the entire amount given by Moore "in an effort to minimize his assistance to the venture and to make him seem less

important and therefore expendable." The second amended complaint also adds that Burns has refused to disclose why she ordered the treasure hunting work halted and that she told Moore that she was still communicating with Nathan Ellis. The plaintiffs infer from this latter allegation that Burns has thus obstructed their communications with Nathan Ellis.

The second amended complaint does not cure the defects of the first amended complaint. Again, there is no allegation that the plaintiffs had a contract with Stephen Ellis or Burns. Again, the only provision in the contract arguably breached by Nathan Ellis at the instance of Burns and Stephen Ellis is the provision stating that Moore has a right to review the books and records to determine for what purpose the funds advanced have been used. Again, there is no allegation that this breach has caused monetary damage to the plaintiffs even though the only relief sought is compensatory damages. Again, the second amended complaint otherwise indicates only that the plaintiffs are suspicious that Burns and Stephen Ellis are engaging in conduct that might induce Nathan Ellis not to pay the plaintiffs their share if and when treasure is discovered. The second amended complaint still fails to allege facts sufficient to support a claim for interference with contractual relationship or business expectancy.

Arguably, the second amended complaint could be read to allege that Stephen Ellis converted some portion of the funds that he should have sent to Nathan Ellis, but the amount is not alleged. Because the contract provided that Moore will advance an amount not to exceed $50,000, any amount converted by Stephen Ellis necessarily must be less than $50,000 and therefore less than the minimum amount for diversity jurisdiction. 28 U.S.C. § 1332(a). Where an amended pleading would not survive a motion to dismiss, a court can deny leave to amend as futile. *See Owen v. General Motors Corp.*, 533 F.3d 913, 921 (8th Cir. 2008); *Sentell v. RPM Management Co., Inc.*, 2009 WL 2135812, at *1 (E.D. Ark. July 13, 2009). The second amended complaint does not cure

the defects of the first amended complaint with respect to the plaintiffs' claims against Burns and Stephen Ellis.  Therefore, the second motion to amend is denied.

## C.    MOTION FOR EXTENSION OF TIME TO SERVE NATHAN ELLIS

Finally, the plaintiffs have filed a motion for extension of time to serve Nathan Ellis.  On April 17, 2009, this Court granted the plaintiffs an extension of time to effect service of process upon Nathan Ellis and any other defendants who had not been served, which gave the plaintiffs up to and including June 15, 2009, to serve and identify the remaining defendants.  The first amended complaint was then filed on June 1, 2009, and the motion for extension of time to serve Ellis was filed on June 15, 2009.  That motion stated that the plaintiffs believed they could serve Nathan Ellis if given an additional 45 days.

Burns and Stephen Ellis objected to that motion, arguing that the plaintiffs have failed to make a good faith effort to serve Nathan Ellis and that they have not described their efforts made thus far.  Burns and Stephen Ellis argue that because the plaintiffs have not cited any reference to legal authority allowing for an extension of time, the motion for extension of time should be denied.

Although Burns and Stephen Ellis are correct in noting that the Court has already granted the plaintiffs a 60-day extension of time to perfect service, that extension of time was granted with respect to perfecting service on all remaining defendants, not just on Nathan Ellis.  In contrast, the pending motion for an extension of time relates only to perfecting service on Nathan Ellis.

Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 120 days after a complaint is filed.  However, that time limit does not apply to service of an individual in a foreign country, which is governed by Rule 4(f).  Even so, the Court can dismiss if service in a foreign country is not pursued in a diligent fashion.  4B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002).

On August 17, 2009, the plaintiffs filed an affidavit of service that appears to show that Nathan Ellis was personally served with the summons, the complaint, and the first amended complaint on July 28, 2009.  It appears therefore that the plaintiffs have been diligent and that Nathan Ellis has now been served.  Because the deadline stated in Rule 4(m) does not apply to service in a foreign country, and because Nathan Ellis apparently has been served, the motion for additional time to obtain service is denied as moot.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the first amended complaint by Burns and Stephen Ellis is GRANTED.  Document #17.  The plaintiffs' motion for additional time to serve Nathan Ellis is DENIED as moot.  Document #19.  The plaintiffs' motion for leave to file a second amended complaint is DENIED.  Document #25.  The defendants' motion to dismiss plaintiffs' second motion to amend by Burns and Stephen Ellis is treated as an objection to the motion to amend and is GRANTED.  Document #26.

For the reasons stated, the plaintiffs' claims against Judy Burns and Stephen Ellis are dismissed without prejudice.

IT IS SO ORDERED this 18th day of August, 2009.


J. LEON HOLMES
UNITED STATES DISTRICT JUDGE