**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RONALD MEEKER and                                                                                      PLAINTIFFS
RUSSELL MOORE

v.                                              Case No. 4:08CV04219 JLH

NATHAN ELLIS; CHARLES ELLIS;
JOHN DOES 1-10; and DOE CORPORATION                                              DEFENDANTS

**OPINION AND ORDER**

Nathan Ellis, the sole remaining defendant, has filed a motion to dismiss for lack of personal jurisdiction, and the plaintiffs have filed a motion for leave to amend their complaint. For the following reasons, the motion to dismiss is denied, and the motion for leave to amend is granted.

**I.**

On September 21, 2009, Nathan Ellis filed an amended answer that included the affirmative defense of lack of personal jurisdiction.[1] Then, on December 17, 2009, Ellis filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). On February 11, 2010, the plaintiffs filed a motion to amend their complaint so as to "set forth bases for the Court exercising personal jurisdiction over Nathan Ellis . . . ." In support, the plaintiffs submitted an affidavit from Russell Moore, who states that Nathan Ellis engaged in conduct directed at and affecting Arkansas residents. The plaintiffs argue that these facts in the affidavit, which is

---

[1] On September 17, 2009, Nathan Ellis filed a motion to amend his answer, seeking to add an additional affirmative defense. The next day, the Court granted Ellis's motion to amend. On September 21, 2009, Nathan Ellis filed his amended answer that included the following affirmative defense: "Plaintiffs' claim should be dismissed as the Court lacks jurisdiction over the person of Nathan Ellis pursuant to [Federal Rule of Civil Procedure 12(b)(2)]."

incorporated by reference into the proposed amended complaint, are sufficient to establish personal jurisdiction over defendant Nathan Ellis.

In response, Ellis argues that he will be prejudiced if the plaintiffs are allowed to amend their complaint at such a late date. Ellis points out that the discovery deadline has already passed, that the deadline for amending their complaint was January 5, 2010, and that this case is set for trial on April 5, 2010. Ellis says that the plaintiffs "should be made to adhere to the deadlines without exception" and that their effort to file a third amended complaint "is not a proper response to Defendant's Motion to Dismiss for lack of personal jurisdiction."

The plaintiffs reply that they were not timely served with Ellis's motion to dismiss and only learned of it through Court correspondence. The plaintiffs also say that they never received a copy of Nathan Ellis's amended answer asserting the affirmative defense of lack of personal jurisdiction. Had they received notice of Nathan Ellis's objection to personal jurisdiction sooner, the plaintiffs say that they would have taken the same action at that time.

## II.

Federal Rule of Civil Procedure 15(a)(2) states that a court should freely give leave to amend a pleading when justice so requires. In interpreting Rule 15, the Supreme Court has said:

> If the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 181-82, 83 S. Ct. 227, 228-30, 9 L. Ed. 2d 222 (1962) (emphasis added); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("[O]nly limited circumstances justify a district court's refusal to grant leave to amend pleadings; undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.").

The plaintiffs readily admit that they seek leave to amend in order to address Nathan Ellis's objections to personal jurisdiction. Two bases exist for personal jurisdiction: general and specific personal jurisdiction.

> General jurisdiction, on one hand, requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of the action has no relationship with those contacts. Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic.

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (internal quotes and citations omitted). To establish specific personal jurisdiction, a plaintiff must show that (1) the defendant has purposefully directed his activities at residents of the forum, and (2) the litigation results from the alleged injuries that relate to those activities. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008).

Moore's affidavit states the following relevant facts:

(1) Moore had a contract with Nathan Ellis which was drafted in Arkansas by an Arkansas resident, Jerry Dillon.

(2) Ellis also employed Dillon to work on a trust relating to Ellis's venture in the Philippines.

(3) Moore attended a conference call in Arkansas in which Ellis spoke about the need to form a corporation for the venture.

(4) Ellis received money from Arkansas resident Judy Burns, who regularly communicated with Ellis regarding the venture. The transfer of Burns's money to Ellis originated from a bank in Rison, Arkansas.

The affidavit alleges that Nathan Ellis's conduct was directed at Arkansas residents and that his conduct resulted in injuries to the plaintiffs. Ellis's objection to the motion to amend does not address the additional factual allegations in Moore's affidavit, so those allegations remain undisputed.

Although neither plaintiff is an Arkansas resident, the proposed amended complaint alleges that Nathan Ellis purposefully directed his activities at Arkansas residents, and his activities have resulted in this litigation. The complaint's allegations, which are presently undisputed, are sufficient for this Court to exercise specific personal jurisdiction over defendant Nathan Ellis. Ellis's only objection to the amendment is that he would be prejudiced by such a late amendment, with the discovery deadline having passed and trial looming. However, the proposed amendment does not assert new claims—only new factual allegations necessary to buttress this Court's exercise of specific personal jurisdiction over Nathan Ellis. For the same reason, it does not appear that the amendment would result in undue delay of this litigation. Nor does it appear that the plaintiffs' motion is made in bad faith or for a dilatory motive, as they say that they moved to amend as soon as they became aware of Nathan Ellis's objections to personal jurisdiction.[2] The plaintiffs have previously been granted leave to amend, but that amendment had nothing to do with deficiencies in

---

[2] Although Ellis's motion to dismiss and amended answer both include a certificate of service, there is nothing to indicate that plaintiffs' counsel is being disingenuous with the Court in saying that he did not timely receive the filings.

4

personal jurisdiction over Nathan Ellis.[3] Because Moore's affidavit states facts sufficient for specific personal jurisdiction, and because the only purpose of the amendment is to incorporate those facts into the complaint, justice requires that the plaintiffs be allowed to amend their complaint. *See, e.g.*, *Medoil Corp. v. Clark*, 753 F. Supp. 592 (W.D.N.C. 1990) (granting leave to amend where proposed amendment attempted to set forth the jurisdictional ties the defendant had with the district).

## III.

On February 11, 2010, the plaintiffs filed a motion asking the Court to impose a deadline for Nathan Ellis's response to certain discovery requests. The Court has received no response from Ellis's counsel. The Court previously denied a similar motion as moot after the discovery cutoff was extended to February 26, 2010. That deadline having passed, the plaintiffs contend that Ellis's discovery responses remain insufficient and that those responses are necessary before they can depose Nathan or Stephen Ellis. The plaintiffs ask that the Court "issue an order compelling discovery within what it deems a reasonable time." That motion is granted. Nathan Ellis is ordered to provide full responses to the plaintiffs' discovery requests within fourteen (14) days of the entry of this order.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for leave to file a third amended complaint is GRANTED. Document #60. Nathan Ellis's motion to dismiss based on objections to personal

---

[3] Ronald Meeker was granted leave to amend on May 21, 2009, to add Russell Moore as an additional plaintiff. The plaintiffs were denied leave to amend on August 18, 2009, because the second amended complaint did not cure the defects in the claims against Burns and Stephen Ellis. The Court also notes that Nathan Ellis was granted leave to file an amended answer on September 18, 2009, so that he could assert an objection to personal jurisdiction. It seems that if Nathan Ellis was granted leave to amend his answer to object to personal jurisdiction, justice requires that the plaintiffs be granted leave to amend to address that objection.

jurisdiction is DENIED. Document #49. Plaintiffs must file their third amended complaint within seven (7) days of the entry of this order. Plaintiffs' motion to compel is GRANTED. Document #59.

IT IS SO ORDERED this 2nd day of March, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE